UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| The Shaw Group, Inc.<br>4171 Essen Lane<br>Baton Rouge, Louisiana<br><br>Stone & Webster, Inc.<br>4171 Essen Lane<br>Baton Rouge, Louisiana<br><br>    Plaintiffs,<br><br>v.<br><br>New Harquahala Generating Company,<br>Corporation Service Company<br>2338 West Royal Palm Road<br>Suite J<br>Phoenix, Arizona 85021<br><br>    Defendant.<br>Serve:<br>Corporation Service Company<br>2338 West Royal Palm Road<br>Suite J<br>Phoenix, Arizona 85021 | CASE NUMBER  1:06CV01358<br><br>JUDGE: Richard W. Roberts<br><br>DECK TYPE: Contract<br><br>DATE STAMP: 08/01/2006 |

### MOTION TO CONFIRM ARBITRATION AWARD

  COME NOW Plaintiffs, The Shaw Group, Inc. and Stone & Webster, Inc. (Shaw), by counsel, in accordance with 9 U.S.C. § 9, and hereby apply to this Court for an order confirming an arbitration award. In support of its application, Plaintiffs allege as follows:

**I.  JURISDICTION**

  1. Jurisdiction of this Court is proper under 28 U.S.C. § 1332 as all parties are of diverse citizenship and the matter in controversy exceeds $75,000.

## II.  THE PARTIES

2. Plaintiff The Shaw Group, Inc. is a corporation organized under the laws of Louisiana, having its principal place of business at Baton Rouge, Louisiana.

3. Plaintiff Stone & Webster, Inc. is a corporation organized under the laws of Louisiana, having its principal place of business in Baton Rouge, Louisiana.

4. Defendant New Harquahala Generating Company (NHGC) is a limited liability company organized under the laws of Delaware, having its principal place of business in Phoenix, Arizona.

## III.  APPLICATION FOR CONFIRMATION

5. On or about August 13, 2001, Shaw entered into an EPC Contract with Harquahala Generating Company (HGC), a predecessor in interest to NHGC, to construct a three unit, combined cycle, gas-fired power plant in Maricopa County Arizona ("the Project"). Article 24.2.2 of the Contract provides for the binding arbitration of disputes arising out of or relating to the Contract pursuant to the Construction Industry Rules of the American Arbitration Association ("AAA"). A copy of the Contract containing the arbitration clause is attached hereto as Exhibit "A." (Exhibit "A," Article 24.2.2 at 81). The arbitration clause also provides that the arbitrator's findings of fact are "final," absent "fraud or collusion." The arbitration clause further provides that the award "may be enforced or confirmed in a court of competent jurisdiction. Contractor consents to the jurisdiction of the courts situated in the District of Columbia for enforcement or confirmation of the decision or award." (Id. at 81-82).

6. On or about March 29, 2004, Shaw filed with the AAA a demand for arbitration against HGC alleging various claims arising out of or related to the Contract. In August 2004, the AAA appointed an arbitration panel of James Groton, Esquire; Thomas Burke; and H. Fielder

Martin, Esquire). Copies of the letters appointing the arbitrators are attached hereto as Exhibit "B".

7. By request of the Respondent, HGC, the AAA Panel allowed the substitution of the Respondent New Harquahala Generating Company ("NHGC"), the successor in interest to HGC. (Exhibit "C").

8. From January 10 to February 8, 2006, the parties conducted an arbitration of the claims asserted in Shaw's demand for arbitration and the claims asserted by NHGC in Washington, D.C. before the three arbitrator panel appointed by the AAA.

9. On June 30, 2006, the AAA arbitration panel issued their final decision and Award on the various claims at issue. The Award, a copy of which is attached hereto as Exhibit "D," awarded Shaw damages in the amount of $ 37,315,131 on its affirmative claims and recites that "[i]n order to avoid any doubt, the arbitrators intend that this Award with respect to the Harquahala Project be a Final Award as to all issues raised in the Harquahala case except those that have specifically been deferred by agreement." (Exhibit "D"). The Parties agreed to defer the issue of prejudgment interest and fees for a later, separate arbitration award by the Arbitration Panel.

10. The Award remains unsatisfied to this date, and NHGC has not yet paid any of the $ 37,315,131 owed to Shaw under the terms of the Award.

WHEREFORE, Plaintiff prays judgment as follows:

1. for an order confirming the award,

2. for judgment against NHGC in conformity with the arbitration award in the sum of $ 37,315,131, together with appropriate post-judgment interest.,

3. for costs of suit incurred herein,

4.     for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Date: August 1, 2006

*/s/ Lewis Askew*
Lewis Askew
DC Bar Number: 455352
WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.
8405 Greensboro Drive, Suite 100
McLean, Virginia 22102
Tel: (703) 749-1000
Fax: (703) 893-8029

Counsel for Plaintiffs

Of Counsel:

Julian F. Hoffar, Esquire
Shelly L. Ewald, Esquire

WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.
8405 Greensboro Drive, Suite 100
McLean, Virginia 22102
Tel: (703) 749-1000
Fax: (703) 893-8029